## CIRCUIT COURT OF THE CITY OF RICHMOND

Central National Bank

v.

Strickland

September 19, 1974

Case No. 6864

By JUDGE ALEX H. SANDS, JR.

Plaintiff is holder in due course of a paper evidencing the purchase of a 1970 Nova Chevrolet by the defendant at a total price of $2,401.80.

Nine payments under the conditional sales contract were made by defendant for a total of $750.54, after which plaintiff had the vehicle repossessed from the defendant, who had moved to South Carolina. Defendant returned to his Richmond address of 6130 Ullswater Avenue around the first of September, 1973, and on September 4, 1973, the plaintiff wrote the defendant advising him of the repossession of the vehicle and that it would be disposed of by private sale unless the amount due under the contract plus expenses of repossession and delinquency charges were paid within ten days from the date of the letter. This letter, postmarked September 5, 1973, was forwarded by certified mail to the defendant at the address 6130 Ullswater Avenue and was returned to Central National Bank, the reason for such return being unchecked by the Post Office Department. Nothing further was done by the plaintiff to communicate the statutory notice to the defendant. Defendant testifies that he never received this notice or any other notice that the sale

was to take place until after the sale had been consummated when, upon calling the defendant bank, he was told the car had been sold.

The single-pointed issue is whether or not the notice given by the plaintiff to the defendant complied with the statutory requirements. Virginia Code, § 8.9-504(3) provides that collateral held as in the case at bar may be disposed of upon "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor. . . ." The language of the conditional sales contract under which the defendant purchased this vehicle provides "the requirements of reasonable notice shall be met if such notice is mailed, postage prepaid, to the address of the buyer shown at the beginning of this contract . . . at least ten days prior to such action."

This court has held on several occasions where the efficiency of notice under similar factual circumstances has been involved, that notice by certified mail does not comply with the statute where the letter is returned to the sender and where the secured party takes no further steps to reach the debtor. The basis of this holding is that the secured party has actual notice that the written notice <u>has</u> <u>not</u> <u>been</u> <u>received</u>. Were the letter sent by regular mail, postage prepaid, and not returned, the presumption would be that the debtor received the notice but where, as stated, the letter is sent by certified mail and is returned to the sender, in the absence of other evidence, the conclusion must be reached that the addressee did not receive the notice; and, in such case, it would appear that the secured party should adopt some other method of notification which could be by service in one of the methods provided by statute or, as above indicated, by regular mail.

For the above reasons, it is held that the notice did not comply with the statute and judgment will be for the defendant.